IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JORGE PEDROSO RIVERO,

    Petitioner,

v.                                                    No. 2:26-cv-349 KG/KRS

KRISTI NOEM, Secretary, U.S. Department
Of Homeland Security; PAMELA BONDI,
U.S. Attorney General; MARY DE ANDA-YBARRA,
Field Office Director of Enforcement and Removal
Operations, El Paso Field Office, Immigration and Customs
Enforcement; and DORA CASTRO, WARDEN,
Otero County Processing Center,

    Respondents.[1]

ORDER TO ANSWER AND ENJOINING TRANSFER OUT OF DISTRICT

    Before the Court is the *pro se* Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) (Petition), filed on February 10, 2026, by Ariadna Indira Matos Alvarez on behalf of detainee/Petitioner Jorge Pedroso Rivero. Petitioner is detained at the Otero County Processing Center in Chaparral, New Mexico. He challenges his continued immigration detention on the ground that his removal is not reasonably foreseeable. Ms. Alvarez states she is Mr. Rivero's partner and files on his behalf as his "Next Friend" because he has limited access to legal resources. *See* (Doc. 4) (Affidavit by Ms. Alvarez). Also before the Court are Petitioner's Motion to Expedite (Doc. 2), and Motion for Temporary Restraining Order (Doc. 3).

---

[1] The *pro se* Petition names the Warden as a party Respondent, which is standard in non-immigration cases. The Court adds the above-mentioned parties as additional Respondents in this case. *See Lowmaster v. Dir., Bureau of Prisons*, 2024 WL 5135970, at *1 (D. Kan. Dec. 17, 2024) ("the Court notes that it routinely substitutes the" proper parties as "respondent in habeas cases"); *Danderson v. Page*, 2024 WL 3913051, at *2 (E.D. Okla. Aug. 20, 2024) (substituting the proper party respondent in a habeas case).

The Petition relies on *Zadvydas v. Davis*, 533 U.S. 678 (2001), which holds that where immigration officials are attempting to effectuate a removal, detention is presumptively reasonable for six (6) months. 533 U.S. at 682. However, "[a]fter this 6-month period, once the [petitioner] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut [th]e showing" that the custody is unconstitutional. *Id.* at 701.

Here, Petitioner has been in Immigration and Customs Enforcement ("ICE") custody since July 9, 2025. (Doc. 1) at 2. Petitioner contends there is no significant likelihood of removal because ICE has attempted and failed to remove him to Mexico on multiple occasions, and Mexico and Cuba have refused to accept him. *Id.* Petitioner attaches a removal order dated May 8, 2018. *Id.* at 13; *cf.* Summary Order in *Bahadorani v. Bondi*, No. 25-6177 (10th Cir. Dec. 18, 2025) (Ordering a release where the removal order was entered in 2015, petitioner spent prior time in immigration confinement, and petitioner was re-detained in 2025). Petitioner asks the Court to order his immediate release. *Id.* at 3. Petitioner also seeks expedited consideration of his Petition (Doc. 2, Motion to Expedite), and an order enjoining Respondents from transferring him from this District during the pendency of his Petition (Doc. 3, Motion for Temporary Restraining Order).

Having conducted an initial review of the *pro se* Petition, the Court finds Petitioner raises a colorable challenge to detention. Accordingly, the Court grants Petitioner's Motion to Expedite (Doc. 2) and orders Respondents to answer the Petition. The Clerk's Office has electronically served a copy of the Petition in this matter on all federal respondents by Notice of Electronic Filing (NEF) using the Case Management and Electronic Case Filing (CM/ECF)

system. *See* (Doc. 5). The United States Attorney's Office (USAO) shall answer the Petition within ten (10) business days of entry of this Order and show cause why the requested relief should not be granted. *See* Habeas Rules 1(b), 4 (courts have discretion to set a time for respondents to answer a habeas petition). Petitioner may file an optional reply within five (5) business days after the answer brief is filed.

Petitioner also filed a Motion for Temporary Restraining Order. (Doc. 3). The Motion seeks an order enjoining Respondents from transferring Petitioner out of the District of New Mexico and states that further transfers will impact his ability to litigate this habeas case. The Court will grant the Motion to ensure a merits review. Respondents are enjoined from transferring Petitioner outside the District of New Mexico during the pendency of this habeas action.

IT IS THEREFORE ORDERED that:

1. Petitioner's Motion to Expedite (Doc. 2) is granted and the United States Attorney's Office must answer the Petition within ten (10) business days of entry of this Order and show cause why the requested relief should not be granted;

2. If Petitioner wishes to file an optional reply, he must do so within five (5) business days after Respondents' response is filed;

3. Petitioner's Motion for Temporary Restraining Order (Doc. 3) is granted and the Government is enjoined from transferring Petitioner from the District of New Mexico while these proceedings remain pending, absent express written authorization from this Court; and

4. The Clerk's Office shall add the additional party Respondents set forth in the caption of this Order to the docket of this case.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.