IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JORGE PEDROSO RIVERO,

    Petitioner,

v.                                     No. 2:26-cv-00349-KG-KRS

FNU LNU, Warden, et al.,

    Respondents.

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on Jorge Pedroso Rivero's 28 U.S.C. § 2241 habeas petition. Doc. 1, and the Government's response, Doc. 10. Because Petitioner's challenge presents purely legal questions, the Court declines to hold a hearing, 28 U.S.C. § 2243, and denies the petition without prejudice for the reasons below.

## I.    *Background*

Petitioner, a native and citizen of Cuba, entered the United States in 2016 at a port of entry near Laredo, Texas. Doc. 1 at 2. At that time, he sought asylum based on a fear of returning to Cuba and was paroled into the United States for a two-year period to pursue relief under the Cuban Refugee Adjustment Act. Doc. 10-1 at 2.

In 2018, an Immigration Judge ordered Petitioner removed following an arrest for aggravated assault. *Id.* The Cuban government refused to accept him for repatriation. *Id.*

On July 11, 2025, Petitioner was convicted of shoplifting. *Id.* at 3. He was thereafter transferred to Immigration and Customs Enforcement ("ICE") custody. *Id.* Petitioner is included on a list of Cuban nationals whom the Cuban government has declined to accept for repatriation. *Id.*

In January 2026, Petitioner was served with a Notice of Removal to a third country—Mexico. *Id.* Petitioner refused to sign the notice and stated that he "would not go anywhere but Cuba." *Id.* He alleges he "never consented to removal nor signed any voluntary departure documents." Doc. 1 at 2. He now contends that his continued detention violates the due process framework articulated in *Zadvydas v. Davis*, 533 U.S. 678 (2001). *Id.*

## II.      Standard of Review

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Zadvydas*, 533 U.S. at 687.

## III.      Analysis

After reviewing the record and applicable legal authority, the Court concludes that Petitioner fails to meet the standards set out in *Zadvydas* and that his petition is therefore denied without prejudice.

"[T]he Government ordinarily secures" a noncitizen's removal during the 90 days after issuing a final order for the person to be removed. *Zadvydas*, 533 U.S. at 682; *see* 8 U.S.C. § 1231(a)(1). During that 90-day removal period, the noncitizen is typically detained. *Zadvydas*, 533 U.S. at 682. Under 8 U.S.C. § 1231(a)(1)(C), the 90-day removal period "shall be extended" if the noncitizen "fails or refuses to make timely application in good faith for travel or other documents necessary to [his] departure or conspires or acts to prevent [his] removal." Thus, where a noncitizen's own conduct prevents execution of a final order of removal, the statutory removal period is tolled, and continued detention is authorized. *Id.*

The record indicates that Petitioner's continued detention stems from his refusal to cooperate with removal to a third country. The Government asserts that Mexico is willing to accept Petitioner upon completion of the necessary documentation and that his noncompliance is the sole impediment to effectuating removal. Doc. 10-1 at 2. Petitioner alleges that he "never consented to removal nor signed any voluntary departure documents." Doc. 1 at 2. Because Petitioner's conduct is preventing execution of the removal order, the removal period is extended by operation of statute, and continued detention is authorized during that extended period. *Zadvydas v. Davis* is not implicated because removal remains reasonably foreseeable.

## IV.  *Conclusion*

Petitioner's § 2241 petition (Doc. 1) is denied without prejudice.

IT IS SO ORDERED

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.