IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JORGE PEDROSO RIVERO,

     Petitioner,

v.                                                                    No. 2:26-cv-00349-KG-KRS

FNU LNU, Warden, et al.,

     Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Jorge Pedroso Rivero's Motion for Reconsideration, Doc. 17, the Government's Response, Doc. 24, and Petitioner's Amended Motion, Doc. 40.  The Court held a hearing on the matter on June 10, 2026.  For the reasons set forth below and stated on the record at the hearing, the Court grants the motion and orders Petitioner's immediate release.

### I.  *Background*

Petitioner, a native and citizen of Cuba, entered the United States in 2016 at a port of entry near Laredo, Texas.  Doc. 1 at 2.  At that time, he sought asylum based on a fear of returning to Cuba and was paroled into the United States for a two-year period to pursue relief under the Cuban Refugee Adjustment Act.  Doc. 10-1 at 2.

In 2018, an Immigration Judge ordered Petitioner removed following an arrest for aggravated assault.  *Id.*  The Cuban government refused to accept him for repatriation.  *Id.*

On July 11, 2025, Petitioner was convicted of shoplifting.  *Id.* at 3.  He was thereafter transferred to Immigration and Customs Enforcement ("ICE") custody.  *Id.*  Petitioner is included on a list of Cuban nationals whom the Cuban government has declined to accept for repatriation.  *Id.*

In January 2026, Petitioner was served with a Notice of Removal to a third country—Mexico. *Id.* Petitioner refused to sign the notice and stated that he "would not go anywhere but Cuba." *Id.* He alleges he "never consented to removal nor signed any voluntary departure documents." Doc. 1 at 2. He now contends that his continued detention violates the due process framework articulated in *Zadvydas v. Davis*, 533 U.S. 678 (2001). *Id.*

In March 2026, this Court denied Petitioner's habeas petition challenging his prolonged detention. Doc. 13. The Court found that "Mexico [was] willing to accept Petitioner upon completion of the necessary documentation and that his noncompliance [was] the sole impediment to effectuating removal." *Id.* at 3. Thus, the Court concluded that the removal period under *Zadvydas v. Davis*, 533 U.S. 678 (2001) was extended because of Petitioner's noncompliance. *Id.*

In Petitioner's Motion for Reconsideration, Doc. 17, and his Amended Motion, Doc. 40, Petitioner claims that ICE has attempted to remove him six times, and the real impediment to his removal is Mexico's refusal to accept him. Doc. 17 at 3. He also claims that, counter to the Government's contentions, he has complied with their removal efforts. *Id.* Finally, he argues that he has been detained 11 months, well beyond the presumptively reasonable period under *Zadvydas.* Doc. 40 at 3.

At the Court's request, the Government provided a status update as to its removal efforts on April 24, 2026. Doc. 31. ICE stated that it "had no further information or evidence to provide the Court." *Id.* at 1.

On June 10, 2026, the Court held a hearing on the matter. When the Court asked the Government about its removal efforts, Government counsel stated that "to put it rather bluntly, it seemed like [ICE has] given up on Mexico or Mexico was just no longer a viable option, and

they were looking for another country and nothing so far has materialized." Draft Tr. at 8.[1]

Although the Government continued to maintain that Petitioner had failed to cooperate with

removal to Mexico by not providing necessary documentation, *id.* at 6, counsel acknowledged

that ICE had been unable to secure removal either to Mexico or to a third country. *Id.* at 6.

## II.    *Legal Standards*

### A.    *Motion to Reconsider*

A court may reconsider a motion under Federal Rule of Civil Procedure 59(e) when there

is "(1) an intervening change in the controlling law, (2) new evidence previously unavailable,

and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v.*

*Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *see also* Fed. R. Civ. P. 59(e).  A Rule 59(e) motion

"is appropriate where the court has misapprehended the facts, a party's position, or the

controlling law." *Id.*  "Rule 59(e) motions are not appropriate to revisit issues already addressed

or advance arguments that could have been raised in prior briefing." *Castanon v. Cathey*, 976

F.3d 1136, 1141 (10th Cir. 2020) (internal quotation marks and citation omitted).  The decision

to grant or deny a Rule 59(e) motion is left to the sound discretion of the trial court. *See*

*Minshall v. McGraw Hill Broad.*, 323 F.3d 1273, 1287 (10th Cir. 2003).

### B.    *Release under* Zadvydas

"[T]he Government ordinarily secures" a noncitizen's removal during the 90 days after

issuing a final order for the person to be removed. *Zadvydas*, 533 U.S. at 682; *see* 8 U.S.C.

§ 1231(a)(1).  During that 90-day removal period, the noncitizen is typically detained. *Zadvydas*,

---

[1] The Court cites to a draft transcript of the hearing.  Page citations and quoted language may differ in the final transcript.

533 U.S. at 682.  After that, the Government may continue detaining the noncitizen only for as long as is "reasonably necessary" to secure their removal.  *Id.*; *see* 8 U.S.C. § 1231(a)(6).

Because a statute permitting "indefinite detention of" a noncitizen "would raise" Fifth Amendment due process concerns, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized." *Zadvydas*, 533 U.S. at 690, 699.  A six-month detention period is presumptively reasonable.  *Id.*  After that, if the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government "must...rebut that showing" or release the noncitizen.  *Id*. at 701.  "[F]or detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the reasonably foreseeable future...shrink[s]." *Id.*  The remedy for a *Zadvydas* claim is generally release of the petitioner under conditions of supervision.  *E.g.*, *Gomez v. Mattos*, 2025 WL 3101994, at *7 (D. Nev.); *Trejo v. Warden of ERO*, 2025 WL 2992187, at *10 (W.D. Tex.); *Douglas v. Baker*, 2025 WL 2997585, at *5 (D. Md.).

### III.    *Analysis*

The Court grants Petitioner's release because material facts have changed since this Court first considered his case.  *See* Fed. R. Civ. P. 59(e).  To start, Petitioner has provided good reason to believe that removal is no longer reasonably foreseeable.  The Government has detained him for an additional three months.  When the Court considered his case in March 2026, Petitioner had been detained for approximately eight months—now his detention has extended to 11 months.  *See* Doc. 13; Doc. 40.  That period far exceeds the six-month period considered reasonable under *Zadvydas*.  533 U.S. at 699 (2001).  And, because "what counts as the reasonably foreseeable future...shrink[s] as the period of prior postremoval confinement grows," those additional three months are significant.  *Id.*

Next, circumstances have materially changed with respect to the Government's ability to rebut Petitioner's showing.  In denying relief, the Court previously concluded that removal remained reasonably foreseeable because the principal obstacle to Petitioner's removal appeared to be his own alleged lack of cooperation.  Doc. 13 at 2.  The record has since developed.  Although the parties continue to dispute the extent of Petitioner's cooperation, additional evidence and information presented at the hearing establish that Mexico has refused to accept him.  *See* Doc. 17 at 3; Draft Tr. at 8.  Additionally, Government counsel acknowledged that ICE has been unable to identify any other third country willing to receive Petitioner.  Draft Tr. at 6, 8.  These developments are "new evidence previously unavailable," sufficient to warrant relief under Rule 59(e).  *Servants of the Paraclete*, 204 F.3d at 1012.

## IV.    Conclusion

For the reasons above, the Court grants Petitioner's motion for reconsideration, Doc. 40.  The Court orders that:

1. The Government shall release Petitioner within 24 hours of this Order.  The release may be subject to reasonable conditions of supervision.

2. The Government shall file a status report within 10 business days of this Order certifying compliance.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.